IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEY CONSTRUCTION, INC., §
ET AL. §
§
Plaintiffs, §
§ NO. 3-10-CV-0297-BD
VS. §
§
COLONY INSURANCE COMPANY §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

This insurance coverage dispute is before the court on cross-motions for summary judgment. At issue is whether Colony Insurance Company ("Colony") is required to defend and indemnify Key Construction, Inc. ("KCI"), a general contractor and an additional insured under a commercial liability insurance policy issued to one of its subcontractors, A&D Welding, Inc. ("A&D"), in a wrongful death action brought by the survivors of Francisco Jimenez, an A&D employee who was killed while working on a job site. Concluding that Jimenez was a statutory employee of KCI under Georgia law, the court determines that Colony has no duty to defend or indemnify KCI under a policy provision that excludes coverage for bodily injuries to an "employee" arising out of and in the course of employment by the insured.

I.

The parties have stipulated to all facts necessary for the court to interpret the relevant policy provisions. KCI, a Kansas corporation, served as the general contractor for the construction of a Wal-Mart store in Arkansas City, Kansas. (*See* Corr. Stip. at 1-2, ¶¶ 1-2). A&D, a Georgia company, was hired by KCI as a subcontractor on the project. (*Id.* at 2, ¶ 2 & Def. MSJ App., Exh.

1 at 1). As part of its contract with KCI, A&D named KCI and Wal-Mart as additional insureds under a commercial liability insurance policy issued by Colony. (Corr. Stip. at 2, ¶ 3). The Colony Policy provides, in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Def. MSJ App., Exh. 1 at 15). The policy also contains an "Employer's Liability" exclusion, which excludes from coverage:

> "Bodily injury" to:
>
> (1)     An "employee" of the insured arising out of and in the course of:
>
>    (a)     Employment by the insured; or
>
>    (b)     Performing duties related to the conduct of the insured's business[.]

(Id., Exh. 1 at 6). The exclusion applies "[w]hether the insured may be liable as an employer or in any other capacity[,]" and "[t]o any obligation to share damages with or repay someone else who must pay damages because of the injury." (Id.). The term "employee" is defined by the policy to include a "leased worker," but not a "temporary worker." (Id., Exh. 1 at 25). A "leased worker" is "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties realted to the conduct of your business." (Id.). A "temporary worker" is "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." (Id., Exh. 1 at 27).

On or about September 30, 2005, Francisco Jimenez, an employee of A&D, was killed when he fell off a roof while working at the Wal-Mart construction site. (*See* Corr. Stip. at 1-2, ¶¶ 1, 6). Three months later, his widow and minor children filed a wrongful death action against KCI and others in Texas. (*See* Def. MSJ App., Exh. 2). KCI made a timely demand on Colony to defend the lawsuit and for indemnity, but the demand was rejected. (Corr. Stip. at 2, ¶¶ 9-10). After paying $70,000 to settle the lawsuit, (*see id.* at 2, ¶ 14), KCI filed this declaratory judgment action in federal district court. The parties now move for summary judgment on the issue of whether coverage exists for claims made against KCI in the Jimenez litigation.

II.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Under Georgia law, which provides the rule of decision in this diversity case,[1] the insured has the initial burden of proving that coverage exists under the policy. *See Essex Ins. Co. v. H&H Land Development Corp.*, 525 F.Supp.2d 1344, 1346 (M.D. Ga. 2007), *citing Chix v. Georgia Farm Bureau Ins. Co.*, 150 Ga.App. 453, 453-54, 258 S.E.2d 208, 209 (1979). The insurer has the burden of proving the applicability of any policy exclusions that serve as a basis for the denial of coverage. *Id.*, *citing First Specialty Ins. Corp. v. Flowers*, 284 Ga.App. 543, 544, 644 S.E.2d 453, 455 (2007). The parties may satisfy their respective burdens on summary judgment by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be

---

[1] Both parties agree that under Texas choice-of-law rules, Georgia has the "most significant relationship" to this coverage dispute. (*See* Def. MSJ Br. at 11; Plf. MSJ Br. at 1 n.1).

viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d

119, 122 (5th Cir. 1993). Cases involving the interpretation of insurance contracts are particularly

appropriate for summary disposition where, as here, neither party contends that the policy provisions

are ambiguous or that the determination of coverage depends on the resolution of disputed facts.[2]

*All Metals, Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3-09-CV-0846-BD, 2010 WL 3027045 at *2 (N.D.

Tex. Jul. 29, 2010), *citing Principal Health Care of Louisiana v. Lewer Agency, Inc.*, 38 F.3d 240,

242 (5th Cir. 1994); *see also Kay-Lex Co. v. Essex Ins. Co.*, 286 Ga.App. 484, 487, 649 S.E.2d 602,

606 (2007) ("Where an insurance contract provision is clear and unambiguous, its interpretation is

a matter for the court.").

## A.

To determine the coverage question, the court must resolve a threshold legal issue presented

by the undisputed facts of this case -- whether an employee of a subcontractor who sustains a bodily

injury while acting in the course and scope of his employment is deemed to be the employee of the

general contractor. If so, there is no coverage under the "Employer's Liability" exclusion of the

Colony Policy. Nothing in the policy itself assists the court in deciding this issue. Therefore, the

court looks to Georgia law for guidance. A logical starting point is the Georgia workers'

compensation statute, which provides, in pertinent part:

> A principal, intermediate, or subcontractor shall be liable for
> compensation to any employee injured while in the employ of any of
> his subcontractors engaged upon the subject matter of the contract to
> the same extent as the immediate employer.

---

[2] In its reply brief, KCI argues that Colony has failed to present any evidence that Jimenez was a statutory employee under Georgia law. (*See* Plf. MSJ Reply Br. at 4). The court declines to consider this new argument raised for the first time in a reply. *See Ghoman v. New Hampshire Ins. Co.*, 159 F.Supp.2d 928, 936 n.2 (N.D. Tex. 2001). Moreover, the parties have stipulated to all facts necessary to decide the coverage question, including facts necessary to determine whether Jimenez was a statutory employee of KCI. (*See* Corr. Stip. at 1-2, ¶¶ 1-7).

*See* Ga. Code Ann. § 34-9-8(a) (West 2010). Under the Georgia workers' compensation scheme, principal contractors are deemed to be "statutory employers" of persons employed by their subcontractors, making the principal contractor liable for the payment of workers' compensation benefits to the injured employees of subcontractors "where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." *Id.*, § 34-9-8(d). "The quid pro quo for the statutory employer's potential liability is immunity from tort liability." *Wright Assoc. v. Rieder*, 247 Ga. 496, 500, 277 S.E.2d 41, 44 (1981). The statutory employer enjoys this immunity even if it never actually pays workers' compensation benefits to the injured employee. *Id.*; *Bossard v. Atlanta Neighborhood Development Partnership*, 254 Ga.App. 799, 805, 564 S.E.2d 31, 38 (2002).

Both parties agree that no Georgia court has squarely addressed whether an "Employer's Liability" exclusion in a commercial liability insurance policy applies to the statutory employees of a general contractor. In such circumstances, the court must make an *Erie*-guess as to how the Georgia Supreme Court would apply state law. *See Cerda v. 2004-EQR1, L.L.C.*, 612 F.3d 781, 794 (5th Cir. 2010). *Erie* requires that, in a diversity case, a federal court must follow state law on substantive matters not governed by the Constitution or federal law. *See Haralson v. State Farm Mut. Auto. Ins. Co.*, 564 F.Supp.2d 616, 621 (N.D. Tex. 2008), *citing Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 750 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996). The court need not be prescient. *Id.* Instead, "[w]hen confronted with an unsettled issue of state law, a federal court sitting in diversity must make its best effort to predict how the state courts would decide the issue." *Id.*, *quoting DeWeerth v. Baldinger*, 38 F.3d 1266, 1273 (2d Cir.), *cert. denied*, 115 S.Ct. 512 (1994). "While decisions of intermediate state appellate courts provide guidance, they are not controlling." *United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565 (5th Cir. 2005).

In making an *Erie*-guess, the court can consider, among other sources, "treatises, law review commentaries, decisions from other jurisdictions whose doctrinal approach is substantially the same, and 'the majority rule.'" *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 398 (5th Cir.), *cert. denied*, 106 S.Ct. 3339 (1986), *quoting* 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4507 at 100-03. It is not, however, the role of a federal court "to create or modify state law, rather only to predict it." *Haralson*, 564 F.Supp.2d at 621, *quoting Batts*, 66 F.3d at 750.

B.

Here, the court predicts that a Georgia court would interpret the "Employer's Liability" exclusion in the Colony Policy to preclude coverage for injuries to statutory employees, like Jimenez. In other contexts, Georgia courts have relied on cases interpreting workers' compensation laws to interpret provisions of commercial liability insurance policies. *See, e.g. SCI Liquidating Corp. v. Hartford Ins. Co.*, 272 Ga. 293, 294, 526 S.E.2d 555, 557 (2000) (applying workers' compensation decisions to interpret the terms "arising out of" and "in the course of employment" in policy exclusion); *Gen. Am. Life Ins. Co. v. Barth*, 167 Ga.App. 605, 606-07, 307 S.E.2d 113, 115 (1983) (same); *IBM v. Bozardt*, 156 Ga.App. 794, 799, 275 S.E.2d 376, 380 (1980) (same). One court relied on the Georgia workers' compensation scheme in holding that a provision in a liability policy issued to a principal contractor, that excluded coverage for "bodily injury *to any employee of the insured arising out of and in the course of his employment by the insured*," also applied to bodily injuries sustained by employees of subcontractors. *See Williams v. Lumbermens Mut. Cas. Co.*, 164 Ga.App. 435, 436, 297 S.E.2d 345, 348 (1982) (emphasis added). As the court explained:

> Although it is arguable that [the injured worker] was not an "employee" of [the principal contractor] but an "employee" of his

subcontractor -- for the purpose of the Workers' Compensation Act, the principal contractor stands in the place of the subcontractor as to any employee of the subcontractor. Thus, for the purposes of this contract coverage the [injured worker] was an employee whose bodily injury arose out of and in the course of his employment.

*Id.* (internal citation omitted).

KCI maintains that the definitions of "employers" and "employees" under Georgia workers' compensation law apply "only in the context of imposing liability for workers' compensation benefits." (*See* Plf. Mot. Br. at 14) (emphasis in original). However, that argument is in direct conflict with Georgia case law applying the same reasoning used in workers' compensation cases to commercial liability insurance policies. *See, e.g. SCI Liquidating*, 526 S.E.2d at 557; *Bozardt*, 275 S.E.2d at 380. KCI also argues that it is "neither sound nor logical" to apply the statutory employer doctrine outside the workers' compensation scheme. (*See* Plf. Reply at 5). The court disagrees. The logic in excluding statutory employees from coverage under a commercial liability insurance policy is that such policies are intended only to cover the liability of the insured to the public -- not those who perform work on behalf of the insured and are in a position to control the risk. *See Kay-Lex.*, 649 S.E.2d at 605 ("Generally speaking, a commercial general liability policy covers certain business losses and situations in which a business is liable to a third party for personal injury or property damage."); *Florida Ins. Guar. Ass'n, Inc. v. Revoredo*, 698 So.2d 890, 892 (Fla. Dist. Ct. App. 1997), *rev. denied*, 703 So.2d 477 (Fla. 1997) ("The logic in the exclusion from coverage of [statutory employees and actual employees] is simple and compelling: the only coverage intended, and for which the premium has been paid, is the liability of the insured to the public, as distinguished from liability to the insured's employees whether or not they are protected by the workers' compensation

law."). The court is not persuaded by the dissenting opinion in *SCI Liquidating* or the decisions from other jurisdictions cited by KCI, all of which appear to conflict with Georgia law.[3]

In sum, the court determines that under Georgia law, Francisco Jimenez was the statutory employee of KCI. Because the undisputed evidence shows that Jimenez sustained bodily injuries while working in the course and scope of his employment, the "Employer's Liability" exclusion precludes coverage for the claims made against KCI in the Jimenez litigation.

## CONCLUSION

Colony's motion for summary judgment [Doc. # 17] is granted, and KCI's cross-motion for summary judgment [Doc. #20] is denied. Counsel shall submit a proposed final judgment consistent with this opinion by **July 21, 2011**. The proposed judgment must be approved as to form by counsel for all parties, and shall be electronically submitted to Kaplan_Orders@txnd.uscourts.gov.

SO ORDERED.

DATED: July 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] All four cases cited by KCI declined to look to state workers' compensation law to define terms in a liability insurance policy. *See Truck Ins. Exchange v. Gagnon*, 131 N.M. 151, 33 P.3d 901 (2001); *Smith v. Animal Urgent Care, Inc.*, 208 W.Va. 664, 542 S.E.2d 827 (2000); *Virginia Elec. and Power Co. v. Northbrook Prop. and Cas. Ins. Co.*, 252 Va. 265, 475 S.E.2d 264 (1996); *Statewide Ins. Co. v. Brendan Constr. Co.*, 218 Ill.App.3d 1055, 578 N.E.2d 1264 (1991). Two of those cases, *Gagnon* and *Smith*, relied on the dissenting opinion in *SCI Liquidating*.